IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW OLDENBURG,

    Plaintiff,

v.

MARSH & MCLENNAN AGENCY LLC,

    Defendant.

Case No. 3:25-cv-01459-AB

ORDER

**BAGGIO, District Judge:**

    Plaintiff Andrew Oldenburg brings this case against Defendant Marsh & McLennan Agency LLC. Plaintiff seeks a declaratory judgment that contractual covenants "are void and unenforceable restrictions on competition . . . ." Notice of Removal Ex. 1 ("Compl.") 7, ECF No. 1-1. Defendant moves to dismiss or transfer Plaintiff's case under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1404. *See* Def.'s Mot. Dismiss or Transfer Venue ("Def.'s

1 – ORDER

Mot.") 2, ECF No. 7.[1] For the following reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss or Transfer Venue and transfers this case to the United States District Court for the Southern District of New York.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." Forum-selection clauses "may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

"[S]tate law governs the validity of a forum-selection clause just like any other contract clause . . . ." *Lee v. Fisher*, 70 F.4th 1129, 1142 (9th Cir. 2023) (quoting *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963-64 (9th Cir. 2022)). The enforceability of a forum-selection clause, however, is governed by federal law. *Id.* at 1143. When there exists a valid and enforceable forum-selection clause, "the party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co.*, 571 U.S. at 63.

Defendant moves to dismiss or transfer Plaintiff's case, citing the forum-selection clauses in the relevant employment contracts. *See* Def.'s Mot. 2-4 (quoting the forum-selection clauses). Plaintiff opposes, largely focusing on the validity of the forum-selection clauses under Oregon

---

[1] Citations to the record are according to the document's actual page number—not the ECF page number.

2 – ORDER

law. Specifically, Plaintiff argues that the forum-selection clauses are procedurally and substantively unconscionable. *See* Pl.'s Resp. Def.'s Mot. ("Pl.'s Resp.") 6-13, ECF No. 12. Plaintiff also argues that the forum-selection clauses are unenforceable under federal law because they contravene Oregon law and public policy. *See id.* at 6-7 ("[I]f the Court determines that [the forum-selection] clauses are not unconscionable, they are still invalid for contravening Oregon law and public policy."). The Court disagrees with Plaintiff.

First, the forum-selection clauses are not procedurally unconscionable. Plaintiff is an experienced insurance broker, and the forum-selection clauses are obvious and written in plain language. These circumstances do not rise to the level of oppression necessary for procedural unconscionability. *Cf. Doffing v. Meta Platforms, Inc.*, No. 1:22-CV-00100-CL, 2022 WL 3357698, at *6 (D. Or. July 20, 2022) (finding procedural unconscionability where a forum-selection clause presented to a minor was "located on page 13 or 14 of the Terms of Service" within a separate hyperlink).

Second, the forum-selection clauses are not substantively unconscionable because they do not "contravene the public interest or [Oregon] public policy." *Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 555, 340 P.3d 27, 36 (2014). Plaintiff points to Oregon Revised Statute § ("ORS") 15.320(3) and ORS 653.295 in support of his substantive unconscionability argument. Pl.'s Resp. 10, 12; *see generally* ORS 15.320(3) (a choice of law statute providing that Oregon law applies to "[a] contract of employment for services to be rendered primarily in Oregon by a resident of Oregon"); ORS 653.295 (providing that noncompetition agreements are "void and unenforceable" unless specific requirements are met). But nothing in these statutes indicates a state policy in favor of Oregon as the appropriate *forum* for disputes over employment contracts. *Cf. DePuy Synthes Sales, Inc.*, 28 F.4th at 964 (finding a forum-selection clause invalid where a

3 – ORDER

California law allowed California employees to void forum-selection clauses under certain circumstances). Accordingly, the forum-selection clauses do not "contravene the public interest or [Oregon] public policy." *Bagley*, 356 Or. at 555; *see also Jenssen v. Total Quality Logistics, LLC*, No. 3:16-CV-01982-SB, 2017 WL 1752966, at *5 (D. Or. Mar. 24, 2017), *report and recommendation adopted*, No. 3:16-CV-01982-SB, 2017 WL 1788658 (D. Or. May 4, 2017) (holding that "the public policy relating to the noncompetition clause is distinct from . . . whether the forum selection clause contravenes a strong Oregon public policy" (emphasis omitted)).

For the same reasons, Plaintiff fails to demonstrate that enforcement of the forum-selection clauses violates federal law by contravening "a strong public policy" of Oregon. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

Finally, Plaintiff argues that even if the forum-selection clauses are valid and enforceable, "the public interest factors overwhelmingly weigh in favor of keeping this action in Oregon." Pl.'s Resp. 7. The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *United States for use & benefit of Hamer Elec., Inc. v. Wu & Assocs., Inc.*, No. 3:23-CV-01515-AN, 2024 WL 3102817, at *1 (D. Or. June 21, 2024). Public interest factors, however, "rarely defeat a transfer motion . . . ." *Atlantic Marine Constr. Co., Inc.*, 571 U.S. at 64.

Here, Oregon's interest in litigating Plaintiff's case and any possible conflicts of law issues are not so significant as to outweigh the presumption in favor of enforcing the parties' bargain to litigate this case in New York. Nor has Plaintiff identified any administrative difficulties flowing from court congestion. *See* Pl.'s Resp. 14 (noting that the caseload for the

4 – ORDER

Southern District of New York is only 4.3% higher on a weighted basis than the District of Oregon). Indeed, the related case has been expeditiously litigated thus far. *See Marsh & McLennan Agency v. Alliant*, No. 1:25-CV-6936 (RA). The Court therefore finds that Plaintiff has not demonstrated extraordinary circumstances to justify denying Defendant's transfer motion.

## CONCLUSION

The Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss or Transfer Venue [7]. The Court TRANSFERS Plaintiff's case to the United States District Court for the Southern District of New York.

IT IS SO ORDERED.

DATED this 6th day of October, 2025.

_____
AMY M. BAGGIO
United States District Judge

5 – ORDER